

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

              v.

ANGELO LOUISSAINT and JENNIFER
JOHNSON,

              Defendants.

_____

**DECISION AND ORDER**

6:12-CR-06081

## BACKGROUND

On June 14, 2012, Defendants Angelo Louissaint and Jennifer Johnson (collectively "Defendants") were indicted on one count of conspiracy to commit mail and wire fraud, two counts of mail fraud, and five counts of wire fraud. (Dkt. 1). Defendant Angelo Louissant was also indicted on two counts of money laundering. (*Id.*).

On June 25, 2012, this matter was referred to the Hon. Marian W. Payson, United States Magistrate Judge, for "all pre-trial matters that a Magistrate Judge may hear and determine pursuant to 28 U.S.C. Section 636(b)(1)(A), and those which a Magistrate Judge may hear and thereafter file a report and recommendation for disposition pursuant to Section 636(b)(1)(B)." (Dkt. 2). On March 20, 2015, Defendants filed a motion to dismiss the indictment as improperly venued in the Western District of New York and for a bill of particulars. (Dkt. 87). The Government opposed Defendants' motion (Dkt. 90) and oral argument was held before Judge Payson on October 5, 2015. (Dkt. 103). On January 4, 2016, Judge Payson entered a Decision and Order denying in part and granting

in part Defendants' request for a bill of particulars and reserving decision on Defendants' motion to dismiss. (Dkt. 106). The Government filed objections to that portion of Judge Payson's Decision and Order requiring it to provide a bill of particulars on January 19, 2016 (Dkt. 107), and Defendants responded on February 2, 2016. (Dkt. 109).

The Court has considered the Government's objections and concludes that Judge Payson's Decision and Order is neither clearly erroneous nor contrary to law. The Government is therefore ordered to comply with Judge Payson's Decision and Order.[1]

## LEGAL STANDARD

The Court will reconsider a magistrate judge's order pertaining to discovery issues (including the granting or denial of a bill of particulars) only if the magistrate judge's determination was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also United States v. Feneziani*, No. 05-CR-290E, 2007 WL 1613630, at *1 (W.D.N.Y. June 1, 2007). "'A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Garcia v. Teitler*, 443 F.3d 202, 211 (2d Cir. 2006)). "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused his

---

[1]     The Court notes that Judge Payson ordered compliance with her Decision and Order no later than January 19, 2016. (Dkt. 106). The Government never sought a stay and "the filing of an objection does not automatically stay the magistrate judge's [discovery] order." *Am. Rock Salt Co., LLC v. Norfolk S. Corp.*, 371 F. Supp. 2d 358, 360 (W.D.N.Y. 2005) (alteration in original). The Government thus should have timely complied with Judge Payson's Decision and Order, or sought a stay pending resolution of its objections. The Court leaves the determination of the consequences of the failure to timely comply with the Decision and Order to Judge Payson's sound discretion.

discretion." *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013) (quotations omitted); *see also S.E.C. v. Verdiramo*, 890 F. Supp. 2d 257, 266 (S.D.N.Y. 2011) ("The clearly erroneous standard is highly deferential, and magistrate judges are afforded broad discretion in resolving non-dispositive disputes. . . .") (quotation omitted).

With respect to Defendants' request for a bill of particulars, "Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). A bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense." *United States v. Henry*, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994). "The granting of a bill of particulars rests within the sound discretion of the district court." *United States v. Strawberry*, 892 F. Supp. 519, 526 (S.D.N.Y. 1995).

## JUDGE PAYSON'S DECISION WAS NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW

In this case, Judge Payson denied the majority of Defendants' request for a bill of particulars. (Dkt. 106). She granted Defendants' request only as to the specific issue of venue, noting that Defendants had made it clear at oral argument that this information

was necessary both to "supplement their venue motion and, if necessary, to prepare a trial defense based upon improper venue." (*Id*. at 4).

In its objections, the Government argues that Judge Payson erred in ordering it to provide a bill of particulars with respect to venue because "the legal standard that governs the adjudication of defendants' pretrial venue challenge . . . [is] whether the indictment is facially sufficient." (Dkt. 107 at 4).  The Government's arguments, in other words, are addressed primarily to the underlying merits of Defendants' motion to dismiss the indictment for improper venue, and not to the specific issue before the Court – namely, whether it was clearly erroneous or contrary to law for Judge Payson to order particularization.

The Court will not, at this juncture, determine whether there is merit to Defendants' underlying motion to dismiss the indictment.  Such a determination would be premature and would circumvent the Court's prior order referring the issue to Judge Payson for a report and recommendation.  Moreover, the Government's arguments on this point fail to acknowledge that Defendants sought particularization with respect to venue not only to supplement their briefing but also to prepare a trial defense based on improper venue. (Dkt. 106 at 4).  In other words, even assuming that the Court was prepared to rule at this point that Defendants are not entitled to dismissal of the indictment based on improper venue, such a ruling would not obviate Defendants' need to prepare a venue-based defense for trial.

The Court further finds that the cases cited by Judge Payson amply support her Decision and Order.  In *United States v. Wilson*, No. 01 CR. 53(DLC), 2001 WL 798018

(S.D.N.Y. July 13, 2001), the court ordered the Government to either file a superceding indictment or "provide the defendants . . . with a bill of particulars describing facts it intends to establish at trial which it claims are sufficient to establish venue in this district" in order to permit Defendants to adequately prepare a venue-based defense. *Id.* at *6. Although the court in that case found that the allegations in the indictment were insufficient to create venue, nowhere did it suggest that its holding rested on that fact. Instead, the *Wilson* court cited *United States v. Szur*, No. S5 97 CR 108(JGK), 1998 WL 132942 (S.D.N.Y. March 20, 1998). In *Szur*, the court specifically held that "the Indictment alleges that the offense occurred 'in the Southern District of New York and elsewhere,' which is sufficient to resist a motion to dismiss." *Id.* at *9. Nevertheless, the *Szur* court ordered particularization because "it [was] unclear from the Indictment what acts were committed in the Southern District of New York. . . ." *Id.* In other words, particularization concerning venue is not limited to situations in which the indictment is facially insufficient with respect to venue, but also applies where additional clarity is required to permit the defense to prepare its venue-based arguments.

Finally, although the Government claims in its objections that it has provided Defendants with sufficient information via discovery to ascertain the information they need to pursue their venue challenge (Dkt. 107 at 8-9), the Government has failed to provide the Court with sufficient detail regarding this assertion. The Government is essentially asking the Court (and asked Judge Payson) to simply agree that the Government's disclosure contained the information Defendants seek. The Court cannot say that it was clearly erroneous or contrary to law for Judge Payson to decline to do so.

Moreover, this argument is wholly at odds with the Government's prior assertion that the particularization ordered in this matter will "improperly force" it "to disclose prematurely its manner of proof, legal theories and evidentiary details." (Dkt. 107 at 4). If the Government maintains that it has already provided the information, it should be neither overly burdensome nor prejudicial to provide it a second time through the limited particularization ordered by Judge Payson.

<u>**CONCLUSION**</u>

The Court finds that Judge Payson's Decision and Order dated January 4, 2016 (Dkt. 106) is not clearly erroneous or contrary to law, and therefore the Government's objections are overruled.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:      February 10, 2016
            Rochester, New York